BELL OIL & GAS CO. v. WILBUR, Secretary of Interior.

No. 5047.

Court of Appeals of District of Columbia.

Argued April 13, 1931.

Decided June 1, 1931.

F. W. Clements, L. H. Cake, W. G. Feely, and John Henry Sullivan, all of Washington, D. C., and M. H. Silverman, of Tulsa, Okl., for appellant.

O. H. Graves, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing the plaintiff's amended bill of complaint, in which an injunction was sought to prevent the Secretary of the Interior from interfering with plaintiff's operation of certain oil leases, or instituting proceedings for the cancellation thereof.

The appellant, plaintiff below, is engaged in the business of producing and refining crude oil. The oil which supplies its refinery at Grandfield, Okl., is produced within the Red River area of the Mid-continent field, near the southern boundary of Oklahoma. Plaintiff company is the owner and operator of six oil leases, on government land, which produce from 35 per cent. to 40 per cent. of the total amount of oil used at its refinery. From 10 to 15 per cent. of the oil consumed is purchased from other producers from day to day, at the posted market price. Approximately 50 per cent. is purchased from other producers, under what is known as long-term contracts, at the posted or market price plus 15 cents per barrel. The necessity of purchasing from producers within the Red River area is due to the fact, as alleged in the bill and admitted by the motion to dismiss, that plaintiff's pipe lines do not extend beyond this area, and it is, therefore, compelled to procure its supply for the refinery within this limited territory.

It further appears that the plaintiff is in direct competition with the Texas corporation and the Prairie Oil & Gas Company, both of which have assets and resources many times in excess of plaintiff, and purchase

and refine oil in many states, and who are not limited or dependent upon the Red River area, as is the plaintiff. Due to the extensive operations of these companies, and their importance in the oil industry, the prices fixed by them for the various grades of crude oil produced within the field of their operations are accepted by the industry, and by the Interior Department in its operations generally, as the fair market value of oil. The prices are fixed daily by these companies, and known in the trade as "posted prices," and are the prices paid by purchasers from day to day, and accepted as the current market prices.

The Secretary of the Interior, under the lease contract with plaintiff, sells the government royalty oil to the plaintiff for use in its refinery. Discovering that plaintiff was paying the producers under the long-term contracts 15 cents per barrel above the posted market price, he ordered the company to pay the same price for the government royalty oils, and, upon failure to pay this, has threatened to enforce the cancellation of plaintiff's lease. It is to restrain the Secretary that this action was brought.

The Leasing Act of February 25, 1920, 41 Stat. 437, provides in section 31 (30 US CA § 188) as follows: "That any lease issued under the provisions of this Act may be forfeited and canceled by an appropriate proceeding in the United States district court for the district in which the property, or some part thereof, is located whenever the lessee fails to comply with any of the provisions of this Act, of the lease, or of the general regulations promulgated under this Act and in force at the date of the lease; and the lease may provide for resort to appropriate methods for the settlement of disputes or for remedies for breach of specified conditions thereof."

Section 36 (30 USCA § 192), of the act provides how the Secretary of the Interior may dispose of the royalty oils. He may offer them for sale upon notice and advertisement on sealed bids, or at public auction, "and in cases where no satisfactory bid is received or where the accepted bidder fails to complete the purchase, or where the Secretary of the Interior shall determine that it is unwise in the public interest to accept the offer of the highest bidder, the Secretary of the Interior, within his discretion, may readvertise such royalty for sale, or sell at private sale at not less than the market price for such period, or accept the value thereof for such period, or accept the value thereof from the lessee. Provided, however, That pending the making of a permanent contract for the sale of any royalty, oil or gas as herein provided, the Secretary of the Interior may sell the current product at private sale, at not less than the market price."

It appears that until the Secretary discovered the terms under which plaintiff was operating its long-term contracts, he had been selling the royalty oil to the plaintiff at the posted market price. It was only when the conditions of the long-term contracts were discovered that the Secretary issued his order requiring plaintiff to pay for the royalty oils 15 cents per barrel, in excess of the day to day market price.

It is unnecessary for us to enter into any discussion as to the action of the Secretary, since we are compelled to dispose of the case upon another ground, namely, that the plaintiff has an adequate remedy at law. The Secretary, under the terms of the act, has no power by his own fiat to cancel these leases. He is required to go into a District Court of the United States to accomplish that result by a proceeding in equity. In that proceeding, plaintiff can set up as a defense the action of the Secretary in attempting to exact the 15 cents per barrel over and above the market price, and the legality of the Secretary's action would then be for the determination of the court.

But it is urged that, should the court decide in favor of the Secretary, the only order which it could enter would be to decree the cancellation of the leases, and that plaintiff should not be compelled to thus place his properties in jeopardy. We are not impressed with this contention. Plaintiff cannot be deprived of its property in the leases except by due process of law, and a court of equity, having jurisdiction of the proceeding, has jurisdiction to enter a decree which will protect the rights of all parties involved; therefore, should the court decide that the Secretary was right in imposing the 15 cents per barrel over and above the market price, it could still protect the plaintiff by a decree to the effect that, upon the failure of the plaintiff to pay the accumulated amount found to be due the government by a specified date, a decree would be entered canceling the lease.

We are of opinion that the plaintiff is amply protected by the provisions of the statute, and that Congress has provided it with an adequate remedy at law.

The decree is affirmed.